THE plaintiffs in error, including certain taxpayers within the town of Castle Rock, filed — in a case wherein one M. E. Hyde was sole plaintiff and the town was sole defendant — a petition to set aside a money judgment previously recovered therein by Hyde. The present proceedings in error seek to reverse the denial of that petition. The judgment so sought to be set aside is the judgment referred to in A., T. S. F. Ry. Co. v. Com'rs,95 Colo. 435, 37 P.2d 761, q. v.
The petition was based upon the ground of alleged fraud on the part of Hyde and of the mayor and the trustees of the town. The mayor and the trustees were not parties to the action. Neither were the taxpayers who are now plaintiffs in error here. We need not go into the question whether, after entry of a final judgment against a municipality, a taxpayer would have a right to file in the original case such a petition as this, which might of course properly be done by an original party to a judgment. In other words, it is not necessary to decide what would have been a proper procedure here to constitute a permissible attack upon the judgment.
[1, 2] It is conceded by counsel that the original judgment was not void. The contention is merely that it was voidable and that the district court erred in not sustaining the aforesaid petition aiming at a judicial declaration of the invalidity of the judgment. Inasmuch as the record affirmatively shows that the very judgment sought to be set aside has been regularly funded under an appropriate statute, and that funding bonds have been *Page 342 
duly issued, it is apparent that the judgment upon which the funding bonds rest cannot be set aside by a court without having before it — as parties to the action — holders of the bonds. They are entitled to their day in court. A bona fide purchaser of the bonds without notice of fraud in the basic judgment has a vested property interest of which he cannot be deprived.
[3] The record shows that the entire bond issue in the present instance is held by the State of Colorado as trustee for the state school fund. This court, which has invariably lent its protection to that fund as a thing to be kept inviolate for the benefit of our school children, will not directly or by indirection give its assistance to a collateral attack upon it. The sovereign state could not be sued in the present connection unless express authority were given by the General Assembly. This has not been done.
[4] However, it is contended that, even though the state cannot be summoned as a party, the judgment may be set aside in order that the municipal officers alleged to have committed fraud upon the town and its taxpayers may be proceeded against. They were not parties to the judgment. They are claiming nothing under it. It is not made clear how it could then be necessary or desirable to set aside the judgment in order to proceed against the officers on any conceivable civil or criminal cause of action. The judgment does not bar such proceedings. The fact remains that the judgment has been merged in the bonds and has no further efficacy apart from them. No execution could issue on the judgment as such, and no tax levy could be made by virtue of it.
It is incidentally disclosed by the record that the State of Colorado paid the full par value of the bonds.
From the foregoing it follows that the district court was right in denying the petition to set aside the original judgment. We omit taking cognizance of various technical objections which were interposed by the defendants in error for the obvious purpose of showing that the *Page 343 
plaintiffs in error have no standing in court. This we do regardless of the possible merits of those objections. Our conclusion on the main issue renders needless any discussion of them.
[5] The lower court also properly sustained the demurrer interposed to the amended petition herein by the State Board of Land Commissioners, which the plaintiffs in error sought to bring in as an additional defendant in error on the theory that they could thereby bind the state. In the light of what we have said, this could not be done in the circumstances of the present case.
Judgment affirmed.
MR. CHIEF JUSTICE CAMPBELL, MR. JUSTICE BUTLER and MR. JUSTICE BURKE dissent.